UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **OSCAR TAYLOR**, an individual, | **CIVIL ACTION** |
| Plaintiff, | |
| | **Case No.  2:26-cv-1528** |
| v. | |
| **AMERICA'S WINDOWS, LLC**, a Florida limited liability company, | |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, OSCAR TAYLOR ("TAYLOR" or "Plaintiff"), by and through undersigned counsel, and states the following for his Complaint:

## CAUSES OF ACTION

1. This is an action brought under 42 U.S.C. §1981 (§1981) and Florida common law for (1) race discrimination in violation of 42 U.S.C. §1981, (2) breach of contract, and (3) unjust enrichment, the damages for which exceed $75,000.00.

## PARTIES

2. TAYLOR is an individual and a resident of Florida who at all material times resided in Lee County, Florida and who worked for the Defendant in Lee County, Florida.

1

3. Defendant, AMERICA'S WINDOWS, LLC ("Defendant") is a Florida limited liability company with a principal place of business located in Lee County, Florida. The Defendant employs in excess of 15 employees and is a "person" under §1981. The Defendant employed TAYLOR.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since Lee County is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6. TAYLOR is Black.

7. TAYLOR began working for the Defendant on or about June 2025 and was employed as a salesman.

8. TAYLOR's primary job duties were to sell windows.

9. TAYLOR always performed his assigned duties in a professional manner and was very well qualified for his position.

10.     TAYLOR did not receive any negative feedback during his employment.

11.     When TAYLOR began working for the Defendant, the parties entered into an agreement whereby the Defendant would pay TAYLOR commissions on sales he made.

12.     However, TAYLOR was subjected to race-based discrimination during his employment that resulted in his constructive discharge.

13.     More specifically, the Defendant would only send TAYLOR to impoverished communities with Black or Hispanic residents.

14.     TAYLOR repeatedly asked why he was only getting these jobs and the Defendant kept putting him off.

15.     TAYLOR has dozens of text messages proving his attempts to reach the Defendant and their dismissive responses.

16.     TAYLOR repeatedly objected to the racial discrimination.

17.     After TAYLOR objected to the racial discrimination, the Defendant took TAYLOR off the schedule.

18.     The Defendant stopped scheduling TAYLOR with jobs or leads, which resulted in TAYLOR being discharged on or about February 1, 2026.

19.     At the time of his separation, TAYLOR was an employee in good standing and had not received any negative feedback.

20.    Additionally, the Defendant has failed to pay TAYLOR commissions that are due to him under the terms of their agreement.

21.    TAYLOR was wrongfully subjected to race discrimination and retaliation in violation of §1981, and the Defendant has breached the contract with TAYLOR and has been unjustly enriched.

## COUNT I - VIOLATION OF §1981

22.    Plaintiff incorporates by reference Paragraphs 1-21 of this Complaint as though fully set forth below.

23.    TAYLOR is a Black person, and as such, is a member of a protected class.

24.    At all material times, TAYLOR was an employee, and the Defendant was his employer.

25.    TAYLOR was qualified for the position that he held with the Defendant.

26.    The acts, failures to act, practices and policies of the Defendant set forth above constitute intentional race discrimination in violation of §1981.

27.    The acts, failures to act, practices and policies of the Defendant set forth above constitute unlawful retaliation in violation of §1981.

28.    As a direct and proximate result of the violations of §1981, as referenced and cited herein, TAYLOR has lost all of the benefits and privileges

of his employment and has been substantially and significantly injured in his career path.

29.    As a direct and proximate result of the violations of §1981, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, TAYLOR is entitled to all relief necessary to make him whole as provided for under §1981.

30.    As a direct and proximate result of the Defendant's actions, TAYLOR has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

5

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT II - BREACH OF CONTRACT

31.    The Plaintiff realleges and incorporates Paragraphs 1-11 and 20 in this Count by reference.

32.    A contract existed between the Plaintiff and the Defendant.

33.    Both the Plaintiff and the Defendant agreed to those terms, which were clear and unambiguous.

34.    The Plaintiff fully and satisfactorily performed his duties under the contract.

35.    The Defendant has breached the contract by refusing to pay the Plaintiff the full amount of the sums due under the terms of the contract.

36.    The Plaintiff has been damaged as a result of the Defendant's breach of the contract.

37.    This Count is timely brought, and all conditions precedent have occurred or been waived.

WHEREFORE, the Plaintiff respectfully demands that this Honorable Court enter judgment in favor of Plaintiff and against Defendant in the amount

consistent with the evidence, together with the costs of this litigation, interest, reasonable attorney's fees, and all other relief as this Court deems proper.

## COUNT III - UNJUST ENRICHMENT

38.     The Plaintiff realleges and incorporates Paragraphs 1-9 and 20-21 in this Count by reference.

39.     This count is brought in the alternative.

40.     As a salesperson, the Plaintiff conferred benefits upon the Defendant.

41.     The Defendant voluntarily accepted and retained those benefits.

42.     The Defendant failed to pay the Plaintiff for the value of his services.

43.     Thus, the circumstances are such that it would be inequitable for the Defendant to retain the value of the Plaintiff's services without paying the value thereof.

44.     This Count is timely brought, and all conditions precedent have occurred or been waived.

WHEREFORE, Plaintiff respectfully demands that this Honorable Court enter its judgment in favor of Plaintiff and against Defendant in the amount consistent with the evidence, together with the costs of this litigation, interest, reasonable attorney's fees, and all other relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury as to all issues triable as of right.


Respectfully submitted,

Dated: May 6, 2026


**/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com

8